IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK J. MCGHEE, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO.  2:05-cv-00326

DWIGHT WHITLEY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant Northland Insurance Company's motion to dismiss [Docket 6]. Northland filed this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court **DENIES** the defendant's motion [Docket 6].

**I. Background**

This case arises from a motor vehicle accident. The following facts, which are alleged in the complaint, are taken as true for the purposes of this motion. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The defendant Lewis Transport, Inc. (Lewis) employed the defendant Dwight Whitley as a driver and operator of a tractor-trailer. On February 5, 2005, on Interstate 64-West, the plaintiffs were operating Mr. McGhee's 2000 Ford Taurus. Mr. Whitley was operating a tractor-trailer owned by Lewis. Shortly after 2:00 p.m., Mr. Whitley "abruptly moved the tractor-trailer he was operating from the far left lane into the center lane causing a violent collision with plaintiff's vehicle, which resulted in Plaintiff's vehicle being run off the road and down a hill." Complaint at ¶ 14.

As a result of this accident, the plaintiffs filed a civil complaint in the Circuit Court of Kanawha County, West Virginia. The complaint alleges tort claims against Mr. Whitley and Lewis. It also alleges that Northland is liable under the West Virginia's Unfair Trade Practices Act (UTPA), W. Va. Code § 33-11-1 *et seq.*, for engaging in "unfair claim settlement practices" in violation of § 33-11-4(9). Northland has filed the instant motion seeking dismissal of the plaintiff's UTPA claims.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that party to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, there is no requirement that the claim properly identify the legal theory under which the plaintiff intends to proceed. Rather, "a complaint is sufficient against a motion to dismiss, if it appears from the complaint that a plaintiff may be entitled to any form of relief." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (1990).

A motion to dismiss should be granted only in those rare instances when the plaintiff is not entitled to relief under any set of facts alleged. See *Mylan Labs., Inc.*, 7 F.3d at 1134 ("In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."); see also *Rogers v. Jefferson-Pilot Life Insurance Co.,* 883 F.2d 324, 325 (4th Cir. 1989) (citing *Conley*, 355 U.S. at 48); *Hurt v. United States*, 889 F. Supp. 248, 251 (S.D. W. Va.1995). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.*, 7 F.3d at 1134.

### III. Analysis

The Supreme Court of Appeals of West Virginia has expressly provided that a UTPA claim against an insurer may be filed before the underlying claim is resolved. See *State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721, 725 (W. Va. 1994) (holding that a claim against an insurer under the UTPA may proceed before final resolution of the underlying claim "[a]s long as the claims against the insurer are bifurcated from those against the insured, and any discovery or proceedings against the insurer are stayed pending resolution of the underlying claim"). In the instant case, in accordance with the principles enunciated in *Madden*, I have bifurcated and stayed the UTPA claim against Northland pending resolution of the underlying claim. See Agreed Order Granting Motion to Bifurcate and Stay Discovery on Behalf of Defendant Northland Insurance Company, entered July 11, 2005. Accordingly, Northland's contention that the plaintiffs filed their UTPA claim prematurely lacks merit.

Once the underlying claim is resolved, the plaintiff will have to demonstrate: (1) that Northland committed a violation or multiple violations of the statute and (2) that the violation or violations entailed a "general business practice" on the part of the Northland. *Jenkins v. J.C. Penney Cas. Ins. Co.*, 280 S.E.2d 252 (W. Va. 1986).[1] The complaint explicitly alleges both of these necessary elements. Complaint ¶¶ 36-44. Accepting these well-pleaded allegations as true, I **FIND** that the plaintiff has adequately stated a claim against Northland upon which relief can be granted. Northland's motion to dismiss [Docket 6] is **DENIED**.

---

[1] Overruled on other grounds by *State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994).

The court **DIRECTS** the Clerk to send a copy of this written opinion and Order to counsel of record and any unrepresented party.

                ENTER:       August 1, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE